**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY WELFARE FUND,** by Suzanne Ranelli, as Administrative Manager; **IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY PENSION FUND,** by Suzanne Ranelli, as Administrative Manager; **IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY ANNUITY FUND,** by Suzanne Ranelli, as Administrative Manager; **IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY SUPPLEMENTAL BENEFIT FUND,** by Suzanne Ranelli, as Administrative Manager; **UPSTATE NEW YORK DISTRICT COUNCIL OF IRON WORKERS EMPLOYERS COOPERATIVE TRUST,** by H. L. Stephenson and John R. Bissaillon , as Trustees; **INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS LOCAL UNION NO. 440 JOINT APPRENTICESHIP TRAINING FUND,** by Robert Cole and H. L. Stephenson, as Trustees; **IRON WORKERS LOCAL UNION NO. 440,** by Robert Cole, as Business Manager; **IRON WORKERS LOCAL 12 PENSION FUND,** by John R. Bissaillon and Henry Digeser, as Trustees; **IRON WORKERS LOCAL 12 HEALTH INSURANCE FUND,** by John R. Bissaillon and Henry Digeser, as Trustees; **IRON WORKERS LOCAL 12 JOINT TRAINING AND EDUCATION FUND,** by John R. Bissaillon and Henry Digeser, as Trustees; **IRON WORKERS LOCAL UNION NO. 12 AND EMPLOYERS COOPERATIVE TRUST,** by John R. Bissaillon and Henry Digeser, as Trustees; **IRON WORKERS LOCAL UNION NO. 12,** by John R. Bissaillon, as Business Manager; and **UPSTATE IRONWORKER EMPLOYERS' ASSOCIATION, INC.,** H. L. Stephenson, as President,<br><br>Plaintiffs,<br><br>– against –<br><br>**AMERICAN IRON & CRANE, INC.,** and **GEORGE MICHAEL HOY,** Individually and as an Officer of AMERICAN IRON & CRANE, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **COMPLAINT** ) ) **Civil Action No.** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the

Defendants, respectfully allege as follows:

## I.   JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of 1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.].  It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 404, 406, and 515 [29 U.S.C. §§ 1104, 1106, and 1145].  It is also an action under Section 502(a)(2) for breach of fiduciary duty against employers that failed to timely remit contributions and otherwise abide by the documents that establish and maintain ERISA covered plans [29 U.S.C. §1132(a)(2)].

2.      This is an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)].  It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 et seq.].

3.      Jurisdiction is conferred on this Court by ERISA Section 502(e) [29 U.S.C. §1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502(f) [29 U.S.C. §1132(f)].

4.      Jurisdiction is conferred on this Court, without respect to the amount in controversy, pursuant to Section 301 of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §185(a)], and pursuant to federal law [28 U.S.C. §1337].

5.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)].  It is an action brought in the district where some of the plans are administered and where the breach took place.

6.      This is an action arising under 28 U.S.C. §1367. It is an action where all non-federal claims raised in the Complaint are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution such that this Court may exercise supplemental jurisdiction over those non-federal claims.

## II.    DESCRIPTION OF THE PARTIES

1.      Plaintiff Suzanne Ranelli is the Administrative Manager of the Iron Workers District Council of Western New York and Vicinity Welfare Fund ["IWDC Welfare Fund"], Iron Workers District Council of Western New York and Vicinity Pension Fund ["IWDC Pension Fund"], Iron Workers District Council of Western New York and Vicinity Annuity Fund ["IWDC Annuity Fund"] and Iron Workers District Council of Western New York and Vicinity Supplemental Benefit Fund ["SB Fund"]. The IWDC Welfare Fund, IWDC Pension Fund, IWDC Annuity Fund, and SB Fund are administered at the Design Center, 3445 Winton Place, Rochester, New York 14623-2950. [hereinafter the IWDC Welfare Fund, IWDC Pension Fund, IWDC Annuity Fund, and IWDC SB Fund are collectively referred to as "IWDC Funds"].

2.      Plaintiffs H. L. Stephenson and John R. Bissaillon are Trustees of the Upstate New York District Council of Iron Workers Employers Cooperative Trust [hereinafter "IWECT"]. H. L. Stephenson and John R. Bissaillon are fiduciaries of the IWECT, as defined in ERISA Section 3(21)(A) [29 U.S.C. § 3(21)(A)]. The principal office and place of business of the IWECT is The Design Center, 3445 Winton Place, Rochester, New York 14623-2950

3.      Plaintiffs Robert Cole and H. L. Stephenson are Trustees of the International Association of Bridge, Structural and Ornamental Iron Workers Local Union No. 440 Joint Apprentice Training Fund [hereinafter "Local 440 Training Fund"]. Robert Cole and H. L.

Stephenson are fiduciaries of the Local 440 Training Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. § 3(21)(A)]. The principal office and place of business of the Local No. 440 Training Fund is located at 10 Main Street, Suite 100, Whitesboro, New York 13492.

4.      Plaintiff Robert Cole is the Business Manager of Iron Workers Local Union No. 440 [hereinafter "Local 440"]. Local 440 is an unincorporated association maintaining its principal offices at 10 Main Street, Suite 100, Whitesboro, New York 13492 and is a labor organization in an industry affecting commerce within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.]. Local 440 represents employees with respect to the terms and conditions of employment, including, but not limited to, wages, benefits and supplements.

5.      Plaintiffs John R. Bissaillon and Henry Digeser are Trustees of the Iron Workers Local 12 Pension Fund [hereinafter "Local 12 Pension Fund"]. Mr. Bissaillon and Mr. Digeser are fiduciaries of the Local 12 Pension Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. § 3(21)(A)]. The Local 12 Pension Fund is administered within the Northern District of New York at 17 Hemlock Street, Latham, New York 12110.

6.      Plaintiffs John R. Bissaillon and Henry Digeser are Trustees of the Iron Workers Local 12 Health Insurance Fund [hereinafter "Local 12 Health Fund"]. Mr. Bissaillon and Mr. Digeser are fiduciaries of the Local 12 Health Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. § 3(21)(A]. The Local 12 Health Fund is administered at 17 Hemlock Street, Latham, New York 12110.

7.      Plaintiffs John R. Bissaillon and Henry Digeser are Trustees of the Iron Workers

Local 12 Joint Training and Education Fund [hereinafter "Local 12 Training Fund"].  Mr.

Bissaillon and Mr. Digeser are fiduciaries of the Local 12 Training Fund, as defined in ERISA

Section 3(21)(A) [29 U.S.C. § 3(21)(A)].  The Local 12 Training Fund is administered at 17

Hemlock Street, Latham, New York 12110.  [The Local 12 Pension Fund, Local 12 Health Fund,

and Local 12 Training Fund are collectively referred to as "Local 12 Funds"].

8.      Plaintiffs John R. Bissaillon and Henry Digeser are Trustees of the Iron Workers

Local Union No. 12 and Employers Cooperative Trust [hereinafter "Local 12 E.C.T."].  The

principal office and place of business of the Local 12 E.C.T. is 17 Hemlock Street, Latham, New

York 12110.

9.      Plaintiff John R. Bissaillon is the Business Manager of the Iron Workers Local

Union No. 12 [hereinafter "Local 12"].  Local 12 is an unincorporated association maintaining its

principal offices at 17 Hemlock Street, Latham, New York 12110 and is a labor organization in an

industry effecting commerce within the meaning of the Labor-Management Relations Act of

1947, as amended [29 U.S.C. §141 et seq.].  Local 12 represents employees with respect to the

terms and conditions of employment, including, but not limited to, wages, benefits and

supplements.

10.     Plaintiff H. L. Stephenson is the President of the Upstate Ironworker Employers'

Association, Inc. [hereinafter "UIWEA"].  The principal office and place of business of the UIWEA

is 4522 Wetzel Road, Syracuse, New York 13090.

11.     The IWDC Funds, Local 440 Training Fund, and Local 12 Funds [collectively referred to as "Plaintiff Funds", "Funds", "Plaintiff Plans", or "Plans"], established pursuant to a collective bargaining agreement, are multi-employer plans as defined in § 3(37) of the Act [29 U.S.C. § 1002(37)], and are employee benefit plans, as described in § 3(3) of the Act [29 U.S.C. § 1002(3)].

12.     Upon information and belief, Defendant American Iron & Crane, Inc. [hereinafter referred to as "Defendant American Iron", "Corporation" or "Company"] is incorporated under the laws of the State of New York, has a principal place of business and offices located at 2822 Curry Road, Schenectady, New York 12303, and, at all times relevant herein, was authorized to do and was doing business in the State of New York.

13.     Upon information and belief, Defendant George Michael Hoy [hereinafter "Defendant Hoy"], is an officer and sole shareholder of Defendant Corporation.  Upon information and belief, Defendant Hoy resides at 44 Pleasant Valley Road, Altamont, New York 12009.

14.     Defendants are employers in an industry affecting commerce, all as defined in ERISA Section 3(5)(11) and (12) [29 U.S.C. § 1002(5)(11) and (12)].  Defendants are also employers of employees covered by an employee benefit plan and multiemployer plan maintained pursuant to a collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. § 1002(3) and (37)], and are obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. § 1145].

15.     Defendants are parties in interest with respect to the Funds as defined in ERISA

Section 3(14)(C), (E) and (H) [29 U.S.C. § 1002(14)(C), (E) and (H)] and act directly as employers

and/or indirectly in the interests of the employers in relation to the Funds, all as defined in

ERISA Section 3(5) [29 U.S.C. § 1002(5)].

16.     To the extent that Defendants exercised any authority or control with respect to

the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the

meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III.  FIRST CAUSE OF ACTION

17.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs

"1" through "16 " inclusive of this Complaint as if set forth fully at this point.

18.     ERISA Section 515 [29 U.S.C. § 1145] provides that:

> Every employer who is obligated to make contributions to
> a multiemployer plan under the terms of the plan or under
> the terms of a collectively bargained agreement shall, to
> the extent not inconsistent with law, make such
> contributions in accordance with the terms and conditions
> of such plan or such agreement.

19.     At all times relevant herein, Defendant Corporation was party to a collective

bargaining agreement with Iron Workers Local Union Nos. 60, 33, 9, 440, 6, and 12 ["CBA"],

known as the Working Agreement between the Iron Workers Upstate Locals of New York and

Vicinity, consisting of International Association of Bridge, Structural, Ornamental, and

Reinforcing Iron Workers Local Union Nos. 60, 33, 9, 440, 6 and 12 and Upstate Iron Workers

Employers Association, Inc., which CBA was executed by Defendant American Iron on August 7,

2003 *(effective May 1, 2003 to April 30, 2006)*, July 18, 2006 *(effective May 1, 2006 to April 30,*

*2009)* and September 1, 2015 *(effective May 1, 2015 to April 30, 2018)*. The CBA automatically renewed and remains in full force and effect.

20.     Pursuant to the CBA, Defendant American Iron is bound by the terms and conditions, rules and regulations of the Restated Agreements and Declarations of Trust of the Iron Workers District Council of Western New York and Vicinity Welfare Fund, Restated Agreements and Declarations of Trust of the Iron Workers District Council of Western New York and Vicinity Pension Fund, Restated Agreements and Declarations of Trust of the Iron Workers District Council of Western New York and Vicinity Annuity Fund, and the Agreement and Declaration of Trust of the Iron Workers District Council of Western New York and Vicinity Supplemental Benefit Fund, [collectively these four (4) documents are hereinafter "IWDC Funds' Trusts"], the Iron Workers District Council of Western New York and Vicinity Welfare, Pension and Annuity Funds' Collections Policy [hereinafter "IWDC Funds' Collections Policy"], Iron Workers District Council of Western New York and Vicinity Supplemental Benefit Fund Collection's Policy ["S.B. Fund's Collections Policy"], the Restated Agreement and Declaration of Trust of the International Association of Bridge, Structural and Ornamental Iron Workers Local Union No. 440 Joint Apprentice Training Fund ["440 Training Fund Trust"], and the Agreement and Declaration of Trust of the Upstate New York District Council of Iron Workers and Employers Cooperative Trust ["IWECT Trust"].

21.     The CBA, the IWDC Funds' Trusts, 440 Training Fund Trust, IWECT Trust, the IWDC Funds' Collections Policy, and S.B. Fund's Collections Policy obligate Defendant Corporation to remit contributions to the IWDC Funds, Local 440 Training Fund, IWECT and

UIWEA for each hour of bargaining unit work, i.e., iron workers' work covered by the CBA, performed by Defendant Corporation's employees.

22. The CBA requires Defendant Corporation to deduct stipulated sums from the wages of certain employees who performed work covered by the CBA, i.e., iron workers' work and pay said amounts to Local 440, said amounts representing Local 440 dues.

23. The CBA, IWDC Funds' Trusts, IWECT Trusts, 440 Training Fund Trust, IWDC Funds' Collections Policy, and S.B. Funds' Collections Policy obligate the Defendant Corporation to file its remittance reports and remit contributions and deductions to the IWDC Funds, Local 440 Training Fund, IWECT, UIWEA, and Local 440 by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

24. Under the CBA, the IWDC Funds' Trusts, IWECT Trusts, 440 Training Fund Trust, the IWDC Funds' Collections Policy, the S.B. Funds' Collections Policy, and ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1132(g)(2), 1145], if Defendant Corporation fails to timely remit the required contributions and deductions, it is liable for the amount of contributions and deductions due, plus the following: (1) interest on the unpaid and untimely paid IWDC Funds contributions, calculated at the rate of fourteen percent (14%) per annum; (2) the greater of interest on the unpaid and untimely paid IWDC Funds contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) interest on the unpaid and untimely paid Local 440 Training Fund contributions, calculated at the rate prescribed by ERISA [29 U.S.C. §1132(g)(2)]; (4) interest again on the unpaid and untimely paid Local 440 Training Fund contributions, representing liquidated damages; (5) interest on the unpaid and untimely paid IWECT and UIWEA monies, calculated at the rate of nine percent (9%)

per annum; plus (6) interest on the unpaid and untimely paid Local 440 dues deductions, calculated at the rate of nine percent (9%) per annum; plus (7) costs and fees of collection, audit fees, and attorneys' and paralegal fees.

25.    According to an audit, dated October 16, 2019, of Defendant Corporation's records for the period January 1, 2014 through December 31, 2016, Defendant Corporation owes $11,622.93 in fringe benefit contributions, representing $11,475.79 owed to the IWDC Funds and $147.14 owed to the UIWEA with regard to hours worked by employees covered by the aforesaid CBA during the period January 1, 2014 through December 31, 2016.

26.    Defendant Corporation has not paid the fringe benefit contributions outlined in paragraph no. 25 and has not paid the interest, liquidated damages, costs and fees of collection and attorneys' fees due and owing in connection with the delinquent fringe benefit contributions.

27.    Defendant Corporation, therefore, owes $11,622.93 in contributions to the IWDC Funds and UIWEA plus the following: (1) interest on the $11,475.79 in unpaid IWDC Funds' contributions, at the rate of fourteen percent (14%) per annum; plus (2) the greater of interest on the $11,475.79 in unpaid IWDC Funds' contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) interest on the $147.14 in unpaid UIWEA monies, calculated at the rate of nine percent (9%) per annum; and (4) the costs and fees of collection, audit fees and attorneys' and paralegal fees.

### IV.  SECOND CAUSE OF ACTION

28.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "27" inclusive of this Complaint as if set forth fully at this point.

29.     At all times relevant herein, the Defendant Corporation had an obligation to remit contributions and deductions to the IWDC Funds, Local 440 Training Fund, IWECT, UIWEA, and Local 440 by the fifteenth (15th) day of the month following the month during which the hours were worked by employees.

30.     Defendant Corporation untimely remitted $1,651,657.54 in fringe benefit contributions to the IWDC Funds, $30,993.80 in contributions to the IWECT and UIWEA, $46,902.72 in contributions and deductions to the Local 440 Training Fund and Local 440 for the period July 2017 through August 2019, failing to remit those monies by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

31.     As a result of the Defendant Corporation's untimely remittance of the $1,729,554.06 as outlined in paragraph no. 30, the Defendant Corporation owes $42,749.48 in interest, $178,432.89 in liquidated damages, plus all costs and fees of collection and attorneys' and paralegal fees incurred by the IWDC Funds, Local 440 Training Fund, IWECT, UIWEA, and Local 440.  Defendant Corporation has not remitted payment.

### V.  THIRD CAUSE OF ACTION

32.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "31" inclusive of this Complaint as if set forth fully at this point.

33.     At all times relevant herein, Defendant Corporation was party to a collective bargaining agreement with Iron Workers Local Union Nos. 60, 33, 9, 440, 6, and 12 ["CBA"],

known as the Working Agreement between the Iron Workers Upstate Locals of New York and Vicinity, consisting of International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers Local Union Nos. 60, 33, 9, 440, 6 and 12 and Upstate Iron Workers Employers Association, Inc., which CBA was executed by Defendant American Iron on August 7, 2003 *(effective May 1, 2003 to April 30, 2006)*, July 18, 2006 *(effective May 1, 2006 to April 30, 2009)* and September 1, 2015 *(effective May 1, 2015 to April 30, 2018)*. The CBA automatically renewed and remains in full force and effect.

34.     Pursuant to the CBA, the Defendant Corporation is bound by the terms and conditions, rules and regulations of the Restated Agreement and Declaration of Trust of the Iron Workers Local 12 Pension Fund, the Restated Agreement and Declaration of Trust of the Iron Workers Local 12 Health Fund, the Agreement and Declaration of Trust of the Iron Workers Local 12 Training Fund,  the Agreement and Declaration of Trust of the Local 12 E.C.T. [collectively these four (4) documents are hereinafter "Local 12 Funds' Trusts"] and the Collections Policy of the Iron Workers Local 12 Pension Fund, Health Fund and Training Fund [hereinafter "Local 12 Funds' Collections Policy"].

35.     The CBA, Local 12 Funds' Trusts and Local 12 Funds' Collections Policy obligate Defendant Corporation to submit reports and remit contributions to Plaintiff Local 12 Funds and Local 12 E.C.T. for each hour that its employees performed work covered by the CBA, i.e., iron workers' work or bargaining unit work.

36.     The CBA requires Defendant Corporation to deduct stipulated sums from the wages of certain employees who performed work covered by the CBA, i.e., iron workers' work and pay said amounts to Local 12, said amounts representing Local 12 dues.

37.     The CBA, Local 12 Funds' Trusts, and Local 12 Funds' Collections Policy obligate the Defendant Corporation to file its remittance reports and remit the contributions and deductions to Plaintiff Local 12 Funds, Local 12 E.C.T. and Local 12 by the fifteenth (15th) day of the month following the month during which the hours of bargaining unit work were performed under the CBA.

38.     Under the CBA, the Local 12 Funds' Trusts, the Local 12 Funds' Collection Policy, and 29 U.S.C. §1132(g)(2), if Defendant Corporation fails to timely remit the required contributions and deductions, it is liable for the amount of contributions and deductions due plus the following: (1) interest on the unpaid and untimely paid Local 12 Funds, contributions, calculated at a rate of eighteen percent (18%) per annum; plus (2) the greater of interest on the unpaid and untimely paid Local 12 Funds contributions or liquidated damages equal to twenty percent (20%) of the delinquent Local 12 Funds contributions; plus (3) interest on the unpaid and untimely paid Local 12 E.C.T. contributions, calculated at the rate of nine percent (9%) per annum; plus (4) interest on the unpaid and untimely paid Local 12 dues deductions, calculated at the rate of nine percent (9%) per annum; plus (5) attorneys' fees and costs.

39.     According to an audit, dated October 16, 2019, of Defendant Corporation's records for the period January 1, 2014 through December 31, 2016, Defendant Corporation owes $34,228.76 in fringe benefit contributions and deductions, representing $18,547.45 in Local 12 Pension Fund contributions, $9,979.45 in Local 12 Health Fund contributions, $1,427.50 in Local 12 Training Fund contributions, $1,959.60 in Local 12 E.C.T. contributions, and $2,314.76 in dues and related deductions to Local 12, with regard to the hours worked by employees covered by the CBA during the period January 2014 through December 2016.

40.     According to remittance reports prepared and submitted by Defendant

Corporation for the period June 2019 through August 2019, Defendant Corporation owes

$215,001.33 in fringe benefit contributions and deductions, representing $119,430.74 in Local

12 Pension Fund contributions, $59,800.25 in Local 12 Health Fund contributions, $10,279.73 in

Local 12 Training Fund contributions, $11,712.10 in Local 12 E.C.T. contributions, and

$13,778.51 in dues and related deductions to Local 12, with regard to the hours worked by

employees covered by the aforesaid CBA during the period June 2019 through August 2019.

41.     Defendant Corporation has not paid the fringe benefit contributions and

deductions outlined in paragraph nos. 39 and 40 and has not paid the interest, liquidated

damages, costs and fees of collection and attorneys' fees due and owing in connection with the

delinquent fringe benefit contributions and deductions.

42.     Defendant Corporation, therefore, owes $249,230.09 in fringe benefit

contributions and deductions to the Local 12 Funds, Local 12 E.C.T. and Local 12 for the period

January 2014 through December 2016 and June 2019 through August 2019 plus the following:

(1) interest on the $219,465.12 in delinquent Local 12 Funds contributions at the rate of

eighteen percent (18%) per annum; plus (2) the greater of interest on the $219,465.12 in

delinquent Local 12 Funds contributions or liquidated damages equal to twenty percent (20%)

of those delinquent contributions; plus (3) interest on the unpaid $13,671.70 in Local 12 E.C.T.

monies calculated at the rate of nine percent (9%) per annum; (4) interest on the unpaid

$16,093.27 in Local 12 dues deductions, calculated at the rate of nine percent (9%) per annum;

plus (5) costs and fees of collection and attorneys' and paralegal fees.

## VI.  FOURTH CAUSE OF ACTION

43.      Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "42" inclusive of this Complaint as if set forth fully at this point.

44.      At all times relevant herein, the Defendant Corporation had an obligation to remit contributions and deductions to the Local 12 Funds, Local 12 E.C.T. and Local 12 by the fifteen (15th) day of the month following the month during which the hours were worked by employees.

45.      Defendant Corporation untimely remitted $1,950,345.68 in fringe benefit contributions and deductions to the Local 12 Funds, $121,546.90 in contributions to the Local 12 E.C.T., and $140,817.31 in deductions to Local 12 for the period January 2018 through August 2019, failing to remit those monies by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

46.      As a result of the Defendant Corporation's untimely remittance of the $2,212.709.89 as outlined in paragraph no. 45, the Defendant Corporation owes $65,172.06 in interest, $390,069.14 in liquidated damages, plus all costs and fees of collection and attorneys' and paralegal fees incurred by the Local 12 Funds, Local 12 E.C.T. and Local 12.  Defendant Corporation has not remitted payment.

## VII.  FIFTH CAUSE OF ACTION

47.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "46" inclusive of this Complaint as if set forth fully at this point.

48.     At all times hereinafter mentioned, Defendant Corporation is obligated to timely remit contributions and deductions to the Plaintiffs in accordance with the Agreements, Trusts and Collections Policies.

49.     At all times hereinafter mentioned, Defendant Corporation is contractually liable under the CBA, Trusts and Collections Policies to timely report to Plaintiffs on a monthly basis the number of hours worked by all of its employees performing bargaining unit work, i.e., ironworkers' work.

50.     Defendant Corporation is statutorily obligated under Section 209 of ERISA to maintain accurate and complete books and records of the number of hours of bargaining work, i.e., iron workers' work, performed by all of its employees.

51.     The CBA, IWDC Funds' Trusts, 440 Training Fund Trust, IWECT Trust, IWDC Funds' Collections Policy, S.B. Funds' Collections Policy, Local 12 Funds' Trusts, the Local 12 Funds' Collections Policy, ERISA, and the New York Lien Law obligate Defendant Corporation to permit the Plaintiffs, on demand, to check, examine and audit its books and records, papers and reports as may be necessary to permit the Plaintiffs to determine whether Defendant Corporation accurately reported the number of hours of bargaining unit work performed by its employees and to determine the amount of contributions and deductions due and owing to Plaintiffs, including, but not limited to, its payroll records, timecards, accounts payable records, general ledgers, cash disbursements journal, hours reports, tax returns and any other records

relating to hours worked by all employees, including union, non-union, bargaining unit and non-bargaining unit employees, subcontractors, and independent contractors of Defendant Corporation.

52.     Defendant Corporation is contractually liable under the CBA, IWDC Funds' Trusts, Local 440 Training Fund Trust, IWECT Trust, IWDC Funds' Collections Policy, and S.B. Funds' Collections Policy, Local 12 Funds' Trusts, the Local 12 Funds' Collections Policy to pay the costs and expense of the audit, all auditing fees, and any and all attorneys and paralegal fees and costs incurred by the Plaintiffs in obtaining the audit.

53.     Defendants have failed to comply with their obligations to the Plaintiffs to produce all of Defendant Corporation's records for the period January 2017 to date for audit, despite due demand for compliance.

54.     Defendants must be ordered to produce Defendant Corporation's books and records for the period January 2017 to date for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegals' fees and costs incurred in obtaining that audit.

55.     In the event it is discovered that Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and have not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph nos. 24 and 38.

## VIII.   SIXTH CAUSE OF ACTION

56.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "55" inclusive of this Complaint as if set forth fully at this point.

57.     Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)].  Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

58.     Section 406 of the Act [29 U.S.C. §1106] provides, in part, that the following is illegal:

(A)     sale or exchange, or leasing, of any property between the plan and a party in interest;

(B)     lending of money or other extension of credit between the plan and a party in interest;

(C)     furnishing of goods, services, or facilities between the plan and a party in interest; and

(D)     transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan.

59.     At all times relevant herein, Defendant Hoy was a party in interest with respect to the Plaintiff Funds because he was a fiduciary, employer, or owner within the meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C) and (E)].

60.     Pursuant to the CBA, "all monies paid into and/or due and owing to the Funds . . . will be vested and remain exclusively in the Trustees of those Funds; outstanding and withheld contributions constitute plan assets".

61.     The Local 12 Funds' Trusts provide that "title to all monies paid into and/or due and owing to the [Local 12 Funds] shall be vested in and remain exclusively in the Trustees of the [Funds]; outstanding and withheld contributions constitute Plan assets".

62.     The IWDC Funds' Trusts, Local 440 Training Fund Trust, IWECT Trust and the IWDC Collections Policy provide that "title to all monies paid into and/or due and owing to the [Plaintiff Funds] shall be vested in and remained exclusively in the Trustees of the Funds; outstanding and withheld contributions constitute plan assets".

63.     Defendants did not remit $233,136.82 in contributions to the Local 12 Funds and Local 12 E.C.T. as required by the CBA, Trusts and Collections Policies as referenced in paragraph nos. 39 and 40 herein.

64.     Defendants did not remit $11,475.79 in contributions to the IWDC Funds as required by the CBA, Trusts and Collections Policies as referenced in paragraph no. 25 herein.

65.     Defendants have not produced all of Defendant Corporation's records for Plaintiffs' review and audit so that Plaintiffs can determine the extent of Defendants' delinquency with the Plaintiff Plans for the period January 2017 to date.

66.     To the extent that Defendant Hoy has withheld contributions from the Plaintiff Funds and Local 12 E.C.T., Defendant Hoy has received and retained from the Plaintiff Funds and Local 12 E.C.T. for his own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds and Local 12 E.C.T.

67.     To the extent that Defendant Hoy has withheld, received and retained contributions owed to Plaintiff Funds and Local 12 E.C.T., Defendant Hoy, as party in interest, impermissibly used the assets of the Plaintiff Funds and Local 12 E.C.T. in contravention of §406

of the Act, the interests of the Plaintiff Funds and Local 12 E.C.T. and the interests of the

Plaintiff Funds' and Local 12 E.C.T.'s fiduciaries, participants and beneficiaries.

68.     To the extent that the audit and/or remittance reports show that Defendants

have not paid contributions to the Plaintiff Funds and Local 12 E.C.T., Defendant Hoy has

damaged the Plaintiff Funds and Local 12 E.C.T. and is liable to Plaintiff Funds and Local 12

E.C.T. for the following:

      (A)    The $244,612.61 due to the Plaintiff Funds and Local 12
E.C.T. as set forth at paragraph nos. 25, 39, 40, 63 and 64
plus interest thereon at the consolidated rate of return on
Plaintiff Funds' and Local 12 E.C.T.'s investments, costs and
expenses of collection, audit fees and attorneys' and
paralegal fees;

      (B)    Any monies discovered to be due to the Plaintiff Funds and
Local 12 E.C.T. as uncovered by the audit sought at
paragraph nos. 54 and 55 of the Complaint herein plus
interest thereon at the consolidated rate of return on
Plaintiff Funds' and Local 12 E.C.T.'s investments, costs
and expenses of collection, audit fees and attorneys' and
paralegal fees; and

      (C)    To restore to the Plaintiff Funds and Local 12 E.C.T. any
profits that Defendants made through use and retention of
the assets of the Plaintiff Funds and Local 12 E.C.T.

### IX.   SEVENTH CAUSE OF ACTION

69.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs

"1" through "68" of this Complaint as if fully set forth herein.

70.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with

respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries"

and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative

expenses" [29 U.S.C. §1104(a)(1)(A)].

71.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

72.     Absent an exemption, ERISA Section 406, 29 U.S.C. §1106, makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan assets for their personal account.

73.     New York Lien Law Article 3-A provides that construction contractors and their officers, shareholders, directors, managers and agents must use monies earned for work at a construction project to pay the cost of, among other things, the employees' wages and benefits.

74.     Pursuant to the CBA, "all monies paid into and/or due and owing to the Funds . . . will be vested and remain exclusively in the Trustees of those Funds; outstanding and withheld contributions constitute plan assets".

75.     The Local 12 Funds' Trusts provide that "title to all monies paid into and/or due and owing to the [Local 12 Funds] shall be vested in and remain exclusively in the Trustees of the [Funds]; outstanding and withheld contributions constitute Plan assets"

76.     The IWDC Funds' Trusts, Local 440 Training Fund Trust, IWECT Trust and the IWDC Collections Policy provide that "title to all monies paid into and/or due and owing to the [Plaintiff Funds] shall be vested in and remained exclusively in the Trustees of the Funds; outstanding and withheld contributions constitute plan assets".

77.     Upon information and belief, during the period January 2014 to date and in connection with various projects, Defendant Corporation employed individuals covered by the CBA who performed work on certain construction projects for the benefit of the projects and Defendants.

78.     Upon information and belief, as a result of the work performed by employees, Defendants received sums of money related to construction projects intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

79.     Defendants are fiduciaries of the monies so received and the monies so received and held by them constitute assets of the Plaintiff Funds and Local 12 E.C.T. to be utilized for the benefit of the Plaintiff Funds and Local 12 E.C.T.

80.     By withholding the contributions from the Plaintiff Funds and Local 12 E.C.T., Defendants have received and retained from the Plaintiff Funds and Local 12 E.C.T., for their own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds and Local 12 E.C.T..

81.     Defendant Hoy, upon information and belief, owned and controlled the affairs of Defendant Company.

82.     Defendant Hoy, upon information and belief, had managerial discretion and control over Defendant Company, made decisions on behalf of the Defendant Company, signed contracts governing the Defendant Corporation, and/or acted on behalf of and in the interest of the Defendant Corporation in their dealings and relations with Plaintiffs.

83.     Defendant Hoy, upon information and belief, determined which bills and creditors Defendant Corporation would pay, determined when the Plaintiff Funds and Local 12 E.C.T. would be paid, determined how much money would be paid to the Plaintiff Funds and Local 12 E.C.T., determined which employees of the Defendant Corporation would be reported to the Plaintiff Funds and Local 12 E.C.T., determined the number of hours upon which contributions would be reported as owing to the Plaintiff Funds and Local 12 E.C.T., and exercised control over money due and owing to the Plaintiff Funds and Local 12 E.C.T., i.e., the plan assets, and therefore, was a fiduciary.

84.     To the extent that Defendant Hoy transferred, applied, used or diverted, or permitted the transfer, application, use, or diversion of, the Plaintiff Funds' and Local 12 E.C.T.'s trust assets to purposes other than purposes of the Plaintiff Funds and Local 12 E.C.T. without first making payment to Plaintiff Funds and Local 12 E.C.T., Defendant Hoy acted contrary to his fiduciary obligations and he is guilty of breaching his fiduciary duty under ERISA, 29 U.S.C. §§1104, 1106 and 1109, and the New York Lien Law.

85.     To the extent that Defendant Hoy commingled, or permitted the commingling of, assets of the Plaintiff Funds and Local 12 E.C.T. with the Defendant Corporation's general assets and used, or permitted the use of, the Plaintiff Funds' and Local 12 E.C.T.'s assets to pay other creditors of the Defendant Corporation rather than forwarding the assets to the Plaintiff Funds and Local 12 E.C.T., he is guilty of breaching his fiduciary duties.

86.     The transfer of the assets to persons other than the Plaintiff Funds and Local 12

E.C.T. occurred, and/or the use of the assets for purposes other than those permitted by the

Plaintiffs Funds and Local 12 E.C.T. occurred, upon information and belief, with the knowledge

and/or at the direction of Defendant Hoy.

87.     To the extent that Defendant Hoy used the Plaintiff Funds' and Local 12 E.C.T.'s

assets for purposes other than the interests of the Plaintiff Funds and Local 12 E.C.T. and their

participants and beneficiaries, Defendant Hoy is in violation of §§1104, 1106, and, 1109 of

ERISA and the New York Lien Law.

88.     To the extent that Defendant Hoy has withheld contributions from the Plaintiff

Funds and Local 12 E.C.T. and/or untimely paid contributions to the Plaintiff Funds and Local 12

E.C.T., he has not acted solely in the interests of the participants and beneficiaries and he has

acted contrary to the Plaintiff Funds' and Local 12 E.C.T.'s documents and, therefore, he is

individually and personally liable for the violations of ERISA Sections 404 and 406 described

herein [29 U.S.C. §§1104 and 1106].

89.     To the extent that the audit and/or remittance reports show that Defendant Hoy

has not paid contributions to the Plaintiff Funds and Local 12 E.C.T., Defendant Hoy has

breached his fiduciary duties and he is liable to Plaintiff Funds and Local 12 E.C.T. for the

following:

(A)     The $244,612.61 due to the Plaintiff Funds and Local 12
        E.C.T. as set forth at paragraph nos. 25, 39, 40, 63 and 64
        plus interest thereon at the consolidated rate of return on
        Plaintiff Funds' and Local 12 E.C.T.'s investments, costs and
        expenses of collection, audit fees and attorneys' and
        paralegal fees;

(B)     Any monies discovered to be due to the Plaintiff Funds and
        Local 12 E.C.T. as uncovered by the audit sought at
        paragraph nos. 54 and 55 of the Complaint herein plus
        interest thereon at the consolidated rate of return on
        Plaintiff Funds' and Local 12 E.C.T.'s investments, costs
        and expenses of collection, audit fees and attorneys' and
        paralegal fees; and

(C)     To restore to the Plaintiff Funds and Local 12 E.C.T. any
        profits that Defendants made through use and retention of
        the assets of the Plaintiff Funds and Local 12 E.C.T.

## X.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

1.      On Plaintiffs First Cause of Action, judgment against the Defendant Corporation

for $11,622.93 in contributions to the IWDC Funds and UIWEA plus the following: (1) interest

on the $11,475.79 in unpaid IWDC Funds' contributions, at the rate of fourteen percent (14%)

per annum; plus (2) the greater of interest on the $11,475.79 in unpaid IWDC Funds'

contributions or liquidated damages equal to twenty percent (20%) of those delinquent

contributions; plus (3) interest on the $147.14 in unpaid UIWEA monies, calculated at the rate

of nine percent (9%) per annum; and (4) the costs and fees of collection, audit fees and

attorneys' and paralegal fees.

2.      On Plaintiffs' Second Cause of Action, judgment against the Defendant

Corporation for $42,749.48 in interest, $178,432.89 in liquidated damages, plus all costs and

fees of collection and attorneys' and paralegal fees incurred by the IWDC Funds, Local 440

Training Fund, IWECT, UIWEA, and Local 440.

3.      On Plaintiffs' Third Cause of Action, judgment against the Defendant Corporation

for $249,230.09 in fringe benefit contributions and deductions to the Local 12 Funds, Local 12

E.C.T. and Local 12 for the period January 2014 through December 2016 and June 2019 through

August 2019 plus the following:  (1) interest on the $219,465.12 in delinquent Local 12 Funds

contributions at the rate of eighteen percent (18%) per annum; plus (2) the greater of interest

on the $219,465.12 in delinquent Local 12 Funds contributions or liquidated damages equal to

twenty percent (20%) of those delinquent contributions; plus (3) interest on the unpaid

$13,671.70 in Local 12 E.C.T. monies calculated at the rate of nine percent (9%) per annum; (4)

interest on the unpaid $16,093.27 in Local 12 dues deductions, calculated at the rate of nine

percent (9%) per annum; plus (5) costs and fees of collection and attorneys' and paralegal fees.

4.      On Plaintiffs' Fourth Cause of Action, judgment against the Defendant

Corporation for $65,172.06 in interest, $390,069.14 in liquidated damages, plus all costs and

fees of collection and attorneys' and paralegal fees incurred by the Local 12 Funds, Local 12

E.C.T. and Local 12.

5.      On Plaintiffs' Fifth Cause of Action, judgment against the Defendants:

(A)     Requiring them to produce their books and records for the
period January 2017 to date for Plaintiffs' review and
audit, to pay the cost and expense of such audit, to pay all
auditing fees, and to pay all attorneys and paralegal fees
and costs incurred in obtaining that audit; and

(B)     For any and all contributions and deductions that are
determined to be due, whether arising before or after
commencement of this action, plus the applicable interest
thereon, liquidated damages, costs and expenses of
collection, audit fees and attorneys and paralegal fees, all
at the rates set forth in Complaint paragraph nos. 24 and
38.

6.     On Plaintiffs' Sixth and Seventh Causes of Action, judgment against the

Defendant Hoy as follows:

(A)     The $244,612.61 due to the Plaintiff Funds and Local 12
        E.C.T. as set forth at paragraph nos. 25, 39, 40, 63 and 64
        plus interest thereon at the consolidated rate of return on
        Plaintiff Funds' and Local 12 E.C.T.'s investments, costs and
        expenses of collection, audit fees and attorneys' and
        paralegal fees;

(B)     Any monies discovered to be due to the Plaintiff Funds and
        Local 12 E.C.T. as uncovered by the audit sought at
        paragraph nos. 54 and 55 of the Complaint herein plus
        interest thereon at the consolidated rate of return on
        Plaintiff  Funds' and Local 12 E.C.T.'s investments, costs
        and expenses of collection, audit fees and attorneys' and
        paralegal fees; and

(C)     To restore to the Plaintiff Funds and Local 12 E.C.T. any
        profits that Defendants made through use and retention of
        the assets of the Plaintiff Funds and Local 12 E.C.T.

Dated: October 17, 2019                    BLITMAN & KING LLP


                                    By:    _____
                                           Jennifer A. Clark, Esq.
                                           Bar Roll No. 101356
                                           *Attorneys for Plaintiffs*
                                           Office and Post Office Address
                                           Franklin Center, Suite 300
                                           443 North Franklin Street
                                           Syracuse, New York 13204-1415
                                           Telephone: (315) 422-7111
                                           Facsimile:  (315) 471-2623
                                           Email:  jac@bklawyers.com